**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jessie Uribe,<br><br>    Plaintiff,<br><br>v.<br><br>Broadway Enterprises Two Incorporated, et al.,<br><br>    Defendants. | No. CV-20-01978-PHX-GMS<br><br>**ORDER** |

Before the Court is Plaintiff Jessie Uribe's ("Plaintiff") Motion for Entry of Default Judgment, (Doc. 12), and Defendants Broadway Enterprises Two, Inc. dba Thrifty Car Sales Gilbert, and Red Mountain Funding, Inc. ("Defendants") Motion to Set Aside Entry of Default, (Doc. 17). For the following reasons, Plaintiff's Motion is Denied, and Defendants' Motion is granted.

## BACKGROUND

On May 7, 2020, Plaintiff purchased a vehicle from Defendant Thrifty Car Sales Gilbert ("Defendant Thrifty"). (Doc. 1 at 5.) Plaintiff alleges that, at the time of signing, the agreement called for monthly payments of $192.92. *Id.* at 6. Thereafter, Defendant Thrifty assigned the agreement to Defendant Red Mountain Funding, Inc. ("Defendant RM"). Plaintiff claims that, prior to assignment, Defendant Thrifty altered the terms of the agreement to require bi-monthly, rather than monthly, payments of $192.92, effectively doubling the price of the vehicle. *Id.*

Plaintiff filed suit on October 9, 2020. She served Defendants on November 5, 2020 and November 8, 2020. (Doc. 6); (Doc. 7). Because Defendants had not answered the Complaint or otherwise appeared in this action, the Clerk of the Court entered default against Defendants on January 7, 2021. (Doc. 11.) Plaintiff sought entry of default judgment from this Court on February 16, 2021. (Doc. 12.) Defendants entered an appearance and moved to set aside the Clerk's entry of default on May 19, 2021. (Doc. 17)

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure 55(c) allows courts to set aside entry of default for "good cause." Courts are given broad discretion when considering whether to set aside entry of default. *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994). In making its determination, courts consider "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (internal quotation marks and alterations omitted). Generally, default judgments are strongly disfavored. *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987).

### II. Analysis

The factors favor setting aside default. Although Defendants failed to answer or appear before their Motion to Set Aside, they have demonstrated that they may have a meritorious defense to Plaintiff's claims. Defendants assert that the agreement executed with Plaintiff contained a handwritten alteration providing for biweekly payment and that Plaintiff signed a separate agreement to that effect. (Doc. 17 at 11–13.) If Defendants' assertions are accepted, they constitute a defense to Plaintiff's claims. Plaintiff's qualms with the authenticity and credibility of the documentation present disputes to be resolved by a finder of fact, rather than reasons that default judgment is appropriate.

Moreover, "[t]o prevent setting aside default, prejudice to a non-moving party must

result in greater harm than simply delaying resolution of the case, rather, the standard is whether the non-movant's ability to pursue his claim will be hindered." *FOC Fin. Ltd. P'ship v. Nat'l City Com. Cap. Corp.*, 612 F. Supp. 2d 1080, 1084 (D. Ariz. 2009) (internal quotations, alterations, and citation omitted). The Court is mindful that Plaintiff has continued to pay the disputed bimonthly payments while waiting for resolution of this case. However, although these payments may create hardship, they do not demonstrate the kind of damage to Plaintiff's legal claim that courts understand as prejudicial. The factors therefore favor Defendants, and the motion to set aside default is granted.

## CONCLUSION

For the reasons set forth above, Defendants have shown good cause for setting aside default.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Set Aside Entry of Default (Doc. 17) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Entry of Default Judgment (Doc. 12) is **DENIED** as **moot.**

Dated this 25th day of May, 2021.

_____
G. Murray Snow
Chief United States District Judge