**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jessie Uribe,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Broadway Enterprises Two Incorporated, et al.,<br><br>　　　　　　Defendants. | No. CV-20-01978-PHX-MTM<br><br>**ORDER** |

Before the Court is Plaintiff's motion for partial judgment on the pleadings, which the parties have fully briefed. Docs. 35, 36, 37. The Court will deny the motion.

**I.    Background**

Based on the undisputed facts, Plaintiff went to the dealership of Thrifty Car Sales Gilbert, Defendant Broadway Enterprises Two's "doing-business-as" name and an Arizona corporation which sells motor vehicles. Doc. 1 at 4–5. Plaintiff chose to buy a 2016 Chevrolet from Thrifty Car Sales. Doc. 1 at 5. Plaintiff executed a loan agreement with Thrifty Car Sales to finance the vehicle's purchase. Doc. 1 at 5. The loan disclosure provided to Plaintiff listed "an annual percentage rate of 21.95%, a finance charge of $3,613.53, and an amount financed of &10,275.27, and a total of payments of $13,888.80." Doc. 1 at 5. Thrifty Car Sales subsequently assigned the loan agreement to Defendant Red Mountain Funding. Doc. 1 at 6.

Plaintiff commenced this action with a two-count complaint, alleging violations of the Truth in Lending Act (TILA), 15 U.S.C. §§ 1601–1667f, and the Arizona Consumer

Fraud Act, A.R.S. §§ 44-1521–1534. Plaintiff alleged Thrifty Car Sales told Plaintiff her payments were to be made monthly and provided her loan disclosures listing a monthly-payment schedule, but she alleges Thrifty Car Sales then modified the payment plan to bi-weekly payments. Doc. 1 at 5–7. Plaintiff attached what she alleges is a copy of the loan agreement, indicating monthly payments, as exhibit A to the complaint. Doc. 1 at 5; Doc 1-2, exhibit A.

In paragraph 24 of Defendants' answer, Defendants admit "a carbon copy of the Contract is attached to Plaintiff's Complaint as Exhibit A, but affirmatively allege that the attached copy is not a true and accurate copy because it does not clearly show/display all of the contract terms and provisions, namely, that 'Bi-Weekly' was handwritten on the payment schedule line." Doc. 18 at 3. Defendants further denied "[t]he disclosures provided to Plaintiff disclosed that Plaintiff's payments were due on a monthly basis." Doc. 1 at 7; Doc 18 at 2, 3, 5.

Plaintiff moved for partial judgment on the pleadings, arguing Defendants admitted the elements Plaintiff needs to prove for her TILA claim. Doc. 35 at 4–7.

**II.     Discussion**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). For the Court to grant Plaintiff judgment on the pleadings in her favor, she must establish "that there are no material issues of fact to be resolved and that [she] is entitled to judgment as a matter of law." *Karsten Mfg. Corp. v. Oshman's Sporting Goods, Inc.-Servs.*, 869 F. Supp. 778, 783 (D. Ariz. 1994). The Court must accept the allegations of the non-moving party as true, "while the allegations of the moving party which have been denied are assumed to be false." *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). The Court views all factual allegations in the light most favorable to the non-moving party. *Gen. Conf. Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989). "[A] plaintiff is not entitled to judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery.

Similarly, if the defendant raises an affirmative defense in his answer it will usually bar judgment on the pleadings." *Id.*

To show Defendants violated TILA, Plaintiff must establish Defendants failed to properly disclosure "[t]he number, amount, and due dates or period of payments scheduled to repay the total of payments" for her auto loan agreement. 15 U.S.C. § 1638(a)(6); *see also* 12 C.F.R. § 226.18. Plaintiff's assertion she is entitled to judgment on the pleadings hinges on Defendants' response to paragraph 24 of Plaintiff's complaint. Plaintiff argues Defendants' response admits the disclosure provided to Plaintiff was inaccurate. Doc. 36 at 6–8.

Considering Defendants' answer in its totality[1], the Court disagrees with Plaintiff's characterization of Defendants' response in paragraph 24. Though Defendants admit exhibit A of Plaintiff's complaint is a carbon copy of the loan agreement, Defendants then plainly assert it is not a true and accurate copy. Doc. 18 at 3. Plaintiff argues this response admits the disclosure in exhibit A is not an accurate reflection of the loan agreement and, therefore, admits a TILA violation. Rather, Defendants are merely asserting exhibit A is not a true and accurate copy of what disclosure was in fact given to Plaintiff, which, if true, would negate Plaintiff's TILA claim.

Defendants' response to paragraph 24 must be read in conjunction with what Defendants allege latter in their answer: "*Defendants affirmatively allege that adequate disclosures were made to Plaintiff in compliance with TILA and Regulation Z*, that the disclosures were made clear and conspicuous, and that the 'Bi-Weekly' provision was

---

[1] The Court notes it makes its decision after considering the pleadings alone. When ruling on a motion for judgment on the pleadings under Rule 12(c) "the court generally is limited to the pleadings and may not consider extrinsic evidence." *Shame on You Prods., Inc. v. Banks*, 120 F. Supp. 3d 1123, 1143 (C.D. Cal. 2015); *see also* Fed. R. Civ. P. 12(d) (requiring a court to treat a Rule 12(c) motion as a motion for summary judgment under Rule 56 if "matters outside the pleadings are presented to and not excluded by the court"). "It is well-settled that materials properly attached as exhibits to the complaint and matters that are subject to judicial notice may . . . be considered in evaluating a motion for judgment on the pleadings." *Shame on You Prods.*, 120 F. Supp. 3d at 1143. Plaintiff attached exhibit A to her complaint, allowing for the Court to consider it in the present motion. Defendants attached an exhibit A and B of their own to their response in opposition to Plaintiff's motion. Doc. 36 at 7, 10. The Court excludes these documents from its consideration and, therefore, avoids needing to convert Plaintiff's motion for judgment on the pleadings into a motion for summary judgment.

included as part of the contract, particularly with regards to 12 C.F.R. § 226." Doc. 18 at 5 (emphasis added). When read together, Defendants' statements create a material issue of fact regarding what disclosure was made to Plaintiff and if exhibit A is a true and accurate copy of what was given to her. Defendants' denials and allegations, which the Court must accept as true and must view in the light most favorable to Defendants as the non-moving party, negate Plaintiff's entitlement to judgment on the pleadings at this stage. *See Hal Roach Studios*, 896 F.2d at 1550; *Gen. Conf. Corp. of Seventh-Day Adventists*, 887 F.2d at 230. Accordingly, the Court must deny Plaintiff's motion.

### III. Conclusion

**IT IS ORDERED** Plaintiff's motion for partial judgment on the pleadings (doc. 35) is **DENIED**.

Dated this 22nd day of June, 2022.

*Michael T. Morrissey*
Honorable Michael T. Morrissey
United States Magistrate Judge